**MANDATE**

17-1599
<u>Esrey v. United States</u>

N.Y.S.D. Case #
16-cv-3019(JPO)

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

<u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

    At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand eighteen.

**PRESENT:** DENNIS JACOBS,
        REENA RAGGI,
        CHRISTOPHER F. DRONEY,
           <u>Circuit Judges</u>.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: February 27, 2018

──────────────────────────────────────

**WILLIAM T. ESREY, RONALD T. LEMAY,**
    <u>Plaintiffs-Appellants</u>,

    -v.-                                             17-1599

**UNITED STATES OF AMERICA,**
    <u>Defendant-Appellee.</u>

──────────────────────────────────────

**FOR PLAINTIFFS-APPELLANTS:** GEORGE M. CLARKE III (<u>with</u> Mireille R. Oldak, Allison M. De Tal, and Daniel A. Rosen <u>on the brief</u>), Baker & McKenzie LLP, Washington, D.C. and New York, NY.

1

MANDATE ISSUED ON 02/27/2018

**FOR DEFENDANT-APPELLEE:** ELIZABETH M. TULIS (with Christopher Connolly on the brief), Assistant United States Attorneys, for Joon H. Kim, Acting United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Oetken, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

William Esrey and Ronald LeMay ("the plaintiffs") appeal from an order of the United States District Court for the Southern District of New York (Oetken, J.) dismissing for lack of subject matter jurisdiction their complaint against the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. On de novo review, we affirm. See Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

The FTCA's broad waiver of sovereign immunity for tort claims against the government is subject to several exceptions. See Kosak v. United States, 465 U.S. 848, 851-52 (1984). As relevant here, the FTCA does not waive sovereign immunity for claims "arising out of . . . misrepresentation." 28 U.S.C. § 2680(h). For purposes of this exception, "a misrepresentation may result from the *failure to provide information*, as well as from [the] provi[sion] [of] information that is wrong." Ingham v. E. Air Lines, Inc., 373 F.2d 227, 239 (2d Cir. 1967) (emphasis added). And the exception "applies to claims arising out of negligent, as well as intentional, misrepresentation." Block v. Neal, 460 U.S. 289, 295 (1983).

The plaintiffs' complaint alleges that the Internal Revenue Service ("IRS"), in violation of the laws of New York, aided and abetted Ernst & Young ("EY") in breaching a fiduciary duty EY owed to the plaintiffs. Essentially, the plaintiffs claim that the IRS took steps to conceal from the plaintiffs the fact

2

that EY was the subject of a criminal investigation that created a conflict of interest for EY in its representation of the plaintiffs in a civil audit before the IRS. The plaintiffs claim that they were injured by this concealment because, if they had known at the time of their audit that EY was under criminal investigation, they could have used that information to (1) convince their then-employer, an EY client that eventually terminated the plaintiffs over concerns arising from the audit, to instead terminate EY; and (2) pursue their arbitration claim against EY for fiduciary-duty breach in a more cost-effective manner.

"A plaintiff may not by artful pleading avoid [§ 2680(h) of the FTCA]." Dorking Genetics v. United States, 76 F.3d 1261, 1265 (2d Cir. 1996). "In determining the applicability of the § 2680(h) exception, a court must look, not to the theory upon which the plaintiff elects to proceed, but rather to the substance of the claim which he asserts." Lambertson v. United States, 528 F.2d 441, 443 (2d Cir. 1976).

Although the plaintiffs style their claim as one for "aiding and abetting a fiduciary-duty breach," the gravamen of that claim is that the IRS wrongfully withheld information from them. Indeed, in their complaint, the plaintiffs allege that they suffered their principal injuries because the "IRS . . . helped EY to hide information" and "[a]s a result of . . . the IRS's active concealment" of its criminal investigation and audit of EY's tax practices. App'x at 8-9. The alleged conduct that was "essential" to the plaintiffs' claimed injuries was the IRS's non-communication of information. Block, 460 U.S. at 297. Accordingly, the claim "aris[es] out of . . . misrepresentation" under 28 U.S.C. § 2680(h), and no court is statutorily accorded jurisdiction to hear it.

The plaintiffs attempt to evade the misrepresentation exception by identifying two "non-concealment" acts that they allege in their complaint. Appellant's Br. at 24. First, they point to allegations that the IRS removed the word "penalty" from a press release regarding the IRS's audit of EY. Second, the plaintiffs contend that the IRS's failure to prohibit EY

3

from representing them in audit proceedings due to a conflict of interest was not an act involving a representation.

The plaintiffs' arguments are unavailing.  As to the first argument, the allegation that the IRS decided to remove the word "penalty" amounts to an allegation that the IRS misrepresented to the public the nature of the IRS's concern with EY's tax shelter practices.  This claim centers on the "communication of information on which the recipient relies," and is therefore barred by the misrepresentation exception.  Block, 460 U.S. at 296.  Similarly, the plaintiffs' second argument fails, because the plaintiffs' theory is that by failing to prohibit EY from representing them, the "IRS . . . helped EY to hide information from [the] Plaintiffs[,] knowing that such information would have been critical to [the] Plaintiffs' evaluation of whether to trust EY."  App'x at 8.  This claim too concerns communicating information to the plaintiffs, and therefore the plaintiffs fail to allege "the breach of a cognizable duty owed to [them] which is 'distinct from any duty to use due care in communicating information.'"  Dorking Genetics, 76 F.3d at 1265 (quoting Block, 460 U.S. at 297).

We have considered the plaintiffs' remaining arguments and find them to be without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court



4

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit